**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**NOVEMBER 1997 SESSION**

FILED

March 5, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9612-CC-00526** |
| Appellant, | ) | |
| | ) | **MAURY COUNTY** |
| VS. | ) | |
| | ) | **HON. JAMES L. WEATHERFORD,** |
| **AVERY Q. WALKER,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (State appeal - Motion to Suppress) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JOHN KNOX WALKUP**                  **JOHN S. COLLEY**
Attorney General & Reporter           710 North Main St., Suite 200
                                      P.O. Box 1476
**ELIZABETH B. MARNEY**               Columbia, TN 38402
Asst. Attorney General
450 James Robertson Pkwy.
Nashville, TN  37243-0493

**MIKE BOTTOMS**
District Attorney General

**J. LEE BAILEY, III**
Asst. District Attorney General
P.O. Box 1619
Columbia, TN 38401

OPINION FILED:_____

**REVERSED AND REMANDED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The defendant was indicted in June 1995 on one count of possession with intent to sell cocaine and one count of possession of marijuana. He filed a motion to suppress all evidence gathered during the search of his person. After a hearing, the trial court granted the defendant's motion. The State now appeals.[1] After a review of the evidence and applicable law, we reverse and remand this cause to the trial court for further proceedings.

The defendant's arrest stemmed from an incident on March 29, 1994. The defendant had driven a vehicle into the parking lot of a BP Market. Bill Gault, a patrolman with the Columbia Police Department, was inside the market and heard the defendant pull into the lot because the defendant had been playing his radio so loudly that it could be heard inside the store. Officer Gault testified that he had exited the store and had approached the defendant about the noise. The defendant, however, ignored the officer and continued into the store. Officer Gault testified that when the defendant returned to the car, he informed him that he was in violation of the city anti-noise ordinance. He then asked the defendant for identification so that he could issue him a citation. Gault testified that the defendant had said that he had no identification, thus, he placed the defendant under arrest. He then had the defendant place his hands on the roof of the car so that he could do a search of the defendant's person.

Gault testified that as he patted down the defendant, his left hand touched

---

[1] In the defendant's brief, in addition to arguing the search issue, he contends that the State's appeal should be dismissed for failing to comply with T.R.A.P. 5(b). He argues that the State did not file in the trial court any proof of service upon this Court of its Notice to Appeal. However, the Tennessee Supreme Court addressed that issue shortly after the defendant filed his brief and concluded that such a failure is not a sufficient basis for dismissal of an appeal. Cobb v. Beier, 944 S.W.2d 343 (Tenn. 1997).

something in the defendant's left front pants pocket. He further testified that when he did this, the defendant attempted to spin around and face him. As a result of this action, the officer handcuffed the defendant. Officer Gault testified that he had then resumed his search and had discovered a brown plastic pill bottle wrapped in black tape in the defendant's front left pocket, a plastic bag of marijuana in the defendant's right pocket, a beeper, and a second plastic bag containing a white powder. It was later determined that the contents of the pill bottle were crack cocaine and that the white powder was also cocaine.

Officer Gault testified that he had arrested the defendant because he had no identification and because he was violating a city ordinance. He stated that the search of the defendant was to check for weapons, although he had no reason to suspect that the defendant was armed.

The defendant testified that he had gone to the BP Market to get a soda. He stated that Officer Gault had said something to him on his way into the market, but that he had not understood what the officer said, therefore, he continued into the store. The defendant testified that when he exited the store, Officer Gault had asked him for identification. The defendant had explained that his mother only lived about two blocks away and that he had left his driver's license at her house. However, he had memorized his driver's license number and gave that number and his name to Officer Gault. The defendant testified that Gault had then called in the number on his radio. He further testified that the officer had been told the license was valid. Regardless, the defendant was then placed under arrest. He testified that Officer Gault had touched his front left pocket and had then called on his radio for a member of the vice squad to assist him. He further testified that he did not attempt to spin around when the officer touched that

3

pocket. He stated that Officer Gault continued the search by reaching inside his pants pockets and removing the contents.

Phyllis Morrow, who was the dispatcher for the Columbia Police Department at the time of this incident, confirmed the defendant's testimony that the officer had called in a driver's license number. She testified that Officer Gault had radioed her at 5:15 p.m. on March 29, 1994, and had asked her to run a check on a car tag number. He then radioed her again at 5:17 p.m. and asked her to run a check on a driver's license number. Shortly thereafter, he radioed again and asked for backup. She testified that she could not recall, nor had she documented, the results of the numbers check.

Following the hearing on the motion to suppress, the trial judge entered an order stating that the "motion is well-taken and should be granted." Thus, all evidence seized from the defendant was ordered suppressed. The trial court made no specific findings of fact. The State now appeals and argues that the search was proper as a search incident to lawful arrest. The defendant argues that the arrest was improper and, therefore, the search was improper as well.

First, we must determine whether the defendant was properly arrested. Officer Gault approached the defendant and asked for his driver's license so that he could write the defendant a citation for violating the City of Columbia's anti-noise ordinance.[2] When the defendant was unable to produce his license, Officer Gault arrested him pursuant to T.C.A. § 7-3-505 (Supp. 1997). This statute, in pertinent part, provides that when a police officer asks a person who has violated a city ordinance to

_____

[2]The ordinance basically prohibited "loud sound amplification systems in vehicles." The ordinance provided that no person operating or occupying a motor vehicle shall operate any sound amplification system from within the vehicle so that the sound is plainly audible at a distance of fifty or more feet from the vehicle.

4

produce identification for the purpose of issuing a citation and the violator is unable to do so, the officer may make an arrest.

In this case, when the defendant was asked for his identification, he told the officer that he had left his driver's license at his mother's house but that he had memorized the number on his license. He gave the number to the officer who then had his dispatcher check the number. At the suppression hearing, no one but the defendant testified as to the result of that number check. The defendant, however, argues that his recitation of his driver's license number was sufficient identification. The defendant points to T.C.A. § 40-7-118 which provides for when a citation should be issued in lieu of continued custody of an arrested person. He argues that pursuant to this statute, he should have been issued a citation rather than be arrested. In State v. John Earl Thompson, No. 01C01-9308-CC-00259, Dickson County (Tenn. Crim. App. filed May 12, 1994, at Nashville), a panel of this court discussed the above statute and concluded that the statute addresses three situations: "one in which a citation is required in lieu of continued custody; one in which a citation is discretionary; and one in which a citation is disallowed."

In general, a citation is required in lieu of continued custody for misdemeanors committed in an officer's presence. T.C.A. § 40-7-118(b)(1). However, for specifically enumerated misdemeanors, such as driving while under the influence of an intoxicant, this general provision does not apply. Discretionary citations may be used for persons accused of certain degrees of theft, bad check violations, revoked or suspended driver's license violations, certain assault and battery offenses, and prostitution. T.C.A. § 40-7-118(b)(3).

5

The statute further provides for eight circumstances in which a citation is "disallowed." The only circumstance which relates to this case is: "[t]he person arrested cannot or will not offer satisfactory evidence of identification . . . ." T.C.A. § 40-7-118(c)(3). The defendant argues that by providing the officer with his driver's license number, he had offered satisfactory evidence of identification, and thus should not have been arrested. We do not agree. Offering a driver's license number is certainly not the same as actually producing the driver's license itself. Without any photo identification, the officer had no way to confirm that the number the defendant had recited actually belonged to him. Even if the dispatcher had confirmed the license as being valid, the officer still had no way of knowing that the defendant was who he said he was. Thus, we conclude that the defendant did not produce satisfactory evidence of identification. Therefore, this instance was one in which a citation was "disallowed," making the defendant's arrest appropriate.

Finding the arrest appropriate, we now turn to the validity of the warrantless search of the defendant's person. The Fourth Amendment clearly provides that a person is free from unreasonable search and seizure by the government. This freedom generally encompasses the right to be free from searches conducted without a warrant. However, the warrant requirement has been suspended in a number of exigencies and a search incident to arrest is one of these. This type of search is valid because of the need to check for weapons and the need to prevent concealment or destruction of evidence. See New York v. Belton, 453 U.S. 454, 457 (1981). This type of search extends to the arrestee's person and the area within his immediate control. Chimel v. California, 395 U.S. 752 (1969). Furthermore, the Supreme Court has held that "in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that

6

Amendment." <u>United States v. Robinson</u>, 414 U.S. 218, 235 (1973) (emphasis added).

Here, the officer performed a search of the defendant's person only. Pursuant to the search, the officer discovered a prescription pill bottle covered in black tape, a plastic bag containing marijuana, and a plastic bag containing cocaine. We find no reason to conclude that anything about this discovery was improper. The search was performed incident to a valid arrest, thus, the findings of the search are valid as well. The Supreme Court has stated, "[I]t is entirely reasonable for the arresting officer to search for and seize <u>any</u> evidence on the arrestee's person in order to prevent its concealment or destruction." <u>Chimel</u>, 395 U.S. at 763 (emphasis added). <u>See</u> <u>Gustafson v. Florida</u>, 414 U.S. 260 (1973)(upholding a full search of defendant's person incident to lawful arrest for driving without a valid driver's license). <u>See also</u> <u>Carroll v. United States</u>, 267 U.S. 132 (1925).

In concluding that the arrest and search of the defendant were valid, we reverse the judgment of the trial court and remand this cause to that court for further proceedings consistent with this opinion.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID H. WELLES, Judge